**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|   |   |   |
|---|---|---|
| RADAME L. LUNA, | : | Civil No. 03-5764 (SRC) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

---

**APPEARANCES:**

> RADAME L. LUNA, #424290B
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey  07065
> Petitioner pro se

> JAMES L. MCCONNELL, Assistant Prosecutor
> SOMERSET COUNTY PROSECUTOR
> P.O. Box 3000
> Somerville, New Jersey  08876

**CHESLER**, District Judge

Radame L. Luna filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Somerset County.  Respondents filed an Answer, arguing that the claims presented are without merit.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on May 31, 1996, in the Superior Court of New Jersey, Law Division, Somerset County, after a jury found him guilty of second degree conspiracy to distribute cocaine and first degree possession with intent to distribute cocaine in a quantity of five ounces or more.  The Court granted the state's motion to impose a mandatory extended term and sentenced Petitioner to a 50-year term of incarceration, with 16.75 years of parole ineligibility.  Petitioner appealed, and by opinion filed May 21, 1998, the Appellate Division of the Superior Court of New Jersey affirmed.  The Supreme Court of New Jersey denied certification on March 16, 1999.  State v. Luna, 160 N.J. 89 (1999) (table).

On August 25, 1999, Petitioner executed a pro se petition for post conviction relief which he filed in the Law Division.  On July 31, 2000, the Law Division denied post conviction relief.  On December 11, 2002, the Appellate Division affirmed the denial of post conviction relief substantially for the reasons given by the trial judge in his oral opinions of July 31 and September 22, 2000.  The Supreme Court of New Jersey denied certification on June 5, 2003.  State v. Luna, 177 N.J. 221 (2003) (table).

On November 1, 2003, Petitioner executed the § 2254 Petition which is now before this Court.  The Clerk received it on December 1, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents six grounds, which are set forth verbatim:

Ground One:  THE TRIAL COURT ERRED IN ITS DENIAL OF
THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE
BECAUSE THE TOW TRUCK DRIVER ACTING AS AN
AGENT OF THE STATE HAD NO PROBABLE CAUSE TO
SEARCH THE VEHICLE AS REQUIRED BY <u>STATE V.
PIERCE</u>.

Ground Two:  THE TRIAL COURT ERRED IN ITS DENIAL OF
THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE
BECAUSE THE TOW TRUCK DRIVER ACTING AS AN
AGENT OF THE STATE CONDUCTED AN ILLEGAL
SEARCH BY FAILING TO RECEIVE VALID CONSENT
FROM THE APPELLANT.

Ground Three:  THE APPELLANT'S MERE PRESENCE AT
THE SCENE CANNOT BE USED TO INFER HIS GUILT SINCE
HE WAS NEVER IN POSSESSION OF THE DRUGS FOUND
IN THE TRUCK.

Ground Four:  THE TRIAL COURT ERRED IN NOT
GRANTING SEVERANCE TO THE APPELLANT UNDER THE
LAW OF <u>STATE V. MORALES</u>.

Ground Five:  DEFENDANT-PETITIONER WAS DENIED THE
EFFECTIVE ASSISTANCE OF COUNSEL JOINDER ISSUE.

Ground Six:  DEFENDANT-PETITIONER WAS DENIED THE
EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(Pet. ¶ 12.a. - 12.f.)

The State filed an Answer opposing the Petition, arguing that the grounds raised do not

raise federal issues or satisfy the standard for habeas relief.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  <u>McFarland v.

Scott</u>, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify

all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may the Court recharacterize a ground asserted under state law into a

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements

(continued...)

4

federal constitutional claim.[2]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).  Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary."  Stevens v. Delaware Correctional Center, 295 F.3d 361,

---

[1](...continued)
[petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

368 (3d Cir. 2002).  Where a federal claim was "adjudicated on the merits" [3] in state court

proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal Law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the

governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are

materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a

[different] result."  Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v.

Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if

the state court identifies the correct governing legal principle from th[e Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams,

529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be

judged objectively; an application may be incorrect, but still not unreasonable.  Id. at 409-10.

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law.  See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Williams, 529 U.S. at 412.   A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Fourth Amendment Claims

In Grounds One and Two, Petitioner challenges the admission of evidence on Fourth Amendment grounds.  Petitioner argues that the tow truck driver acted as an agent of the state in impounding the vehicle and that his search of the vehicle violated the Fourth Amendment because he lacked consent and he lacked probable cause to search the vehicle and open the gym bag.

It is established that "a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review.  Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been both such a showing and a Fourth Amendment violation."  Stone v. Powell, 428 U.S. 465, 495 n.37 (1976); see also Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986) ("an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar").

The state court record in this case shows that the Warren County Police stopped a Mercury Lynx automobile in which Petitioner was a rear seat passenger on September 1, 1994, because the police observed inoperable side and brake lights.  Because the driver's license had been suspended and neither passenger had a valid driver's license, the police officer radioed for a tow truck and took the three men in the car to police headquarters.  The tow truck driver took the car to his service station.  Because the key was missing and the vehicle had to be stored in the outside lot, the tow truck driver searched the vehicle to remove valuables.  He found a gym bag containing a white powdery substance later identified as 2,142.7 grams of cocaine and contacted the police.

The Superior Court of New Jersey, Law Division, denied Petitioner's motion to suppress the cocaine, finding that the tow truck driver was not acting under color of state law when he searched the vehicle.  Petitioner raised his Fourth Amendment claims on direct review.  The Appellate Division affirmed on the ground that the Fourth Amendment does not protect citizens from unreasonable searches by private persons and that the tow truck driver searched the vehicle as a private person to comply with the policy of the owner of the tow truck company, rather than to benefit state criminal investigations or prosecutions.  This Court finds that Petitioner had a full and fair opportunity to litigate his search and seizure claims and that, under Stone v. Powell, Grounds One and Two are not cognizable in this habeas proceeding.

B.  Possession of the Drugs

Petitioner argues in Ground Three that the trial court erred in denying his motion for acquittal.  Petitioner argues that the jury could not have found that he possessed the cocaine because, as a passenger in the back seat, he did not exercise intentional dominion and control

over the drugs.  Petitioner raised this claim on direct appeal.  The Appellate Division denied the claim because, under New Jersey law, a reasonable jury could find beyond a reasonable doubt that Petitioner constructively possessed the drugs.  Petitioner is not entitled to habeas relief on Ground Three because the element of "possession" is  a question of state law over which this court lacks jurisdiction.  See Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("In considering whether this case involves a claim of error under the Constitution, laws, or treaties of the United States, it is critical to remember that the Supreme Court has made it clear that the states define the elements of state offenses").

C.  Severance

Petitioner argues in Ground Four that the trial court's failure to sever his trial from that of his co-defendants violated New Jersey Court Rules and the Appellate Division's decision in State v. Morales, 138 N.J. Super. 225 (App. Div. 1975).  Because Ground Four presents solely a question of state law, this Court lacks jurisdiction over the claim.  See Parker v. Dugger, 498 U.S. 308, 327 (1991) ("It is axiomatic that in general mere errors of state law are not the concern of this Court . . . and that the views of the State's highest court with respect to state law are binding on the federal courts") (citations and internal quotation marks omitted).

D.  Ineffective Assistance of Counsel

Petitioner argues in Ground Five that trial counsel was constitutionally ineffective in failing to adequately oppose the state's motion to rejoin the previously severed trials of Petitioner and his co-defendant, failing to adequately cross examine the police officers as to why no fingerprints of the duffel bag were taken, failing to argue that the statements made by co-defendant Maldonado were admissible, presenting a statement of another co-defendant that he

9

would help police get "the big fish," and failing to adequately argue his Fourth Amendment claim.

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  Id. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

In this case, Petitioner raised ineffective assistance of trial counsel claims on post conviction relief.  In the opinion affirming the denial of post conviction relief, the Appellate Division rejected the ineffective assistance of counsel claims without significant discussion.  However, the Appellate Division specifically commented on the joinder issue:

> Defendant argues that his trial counsel should have pressed for the severance or lack of rejoinder after co-defendant Podonco was acquitted at a separate trial . . . .  Defendant now argues that there should have been an in-camera hearing to determine if Maldonado would testify for defendant at a separate trial and that counsel never cited State v. Sanchez, 143 N.J. 273 (1966), in support of

> severance . . . .   In any event, we cited and quoted <u>Sanchez</u> in our
> opinion on the direct appeal . . .

<u>State v. Luna</u>, No. A-1728-00T4 slip op. at 3-4 (App. Div. Dec. 11, 2002).

Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, <u>Strickland</u> and its progeny.

In Ground Six, Petitioner argues that appellate counsel was constitutionally ineffective in failing to raise issues concerning the ineffectiveness of trial counsel, failing to argue that the sentence was excessive, and failing to cite appropriate case law on the issues of joinder and the statements of co-defendant Maldonado.  However, absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law. <u>Chapman v. United States</u>, 500 U.S. 453, 465 (1991); <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948); <u>Jones v. Superintendent of Rahway State Prison</u>, 725 F.2d 40, 42-43 (3d Cir. 1984).[4]

---

[4] In <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948), the Supreme Court rejected petitioner's due process challenge to a life sentence imposed by the Pennsylvania courts.  Petitioner argued that the sentencing judge mistakenly regarded as mandatory a sentence which was discretionary.  The Supreme Court held:

> We are not at liberty to conjecture that the trial court acted under
> an interpretation of the state law different from that which we
> might adopt and then set up our own  interpretation as a basis for
> declaring that due process has been denied.  We cannot treat a mere
> error of state law, if one occurred, as a denial of due process;
> otherwise, every erroneous decision by a state court on state law
> would come here as a federal constitutional question.

11

Under these circumstances, counsel could not have been constitutionally ineffective in failing to argue on direct appeal that the sentence was excessive.

As to the remaining claims regarding the ineffectiveness of appellate counsel, it is established that the Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396.  The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective.  See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

Defense counsel has a constitutionally imposed duty to consult with the defendant about whether to appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  The term "'consult' convey[s] a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  Flores-Ortega at 478.

In this case, Petitioner's ineffective assistance of appellate counsel claims fail as a matter of law because "it is a well established principle that counsel decides which issues to pursue on appeal."  Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).  Appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant.  See Jones v. Barnes, 463 U.S. 745, 751 (1983).  Appellate counsel "need not (and should not) raise every

nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).  Under these circumstances, Petitioner cannot show that the adjudication of his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, Strickland and its progeny. See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting state petitioner's § 2254 claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

E.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


/s Stanley R. Chesler, U.S.D.J.
STANLEY R. CHESLER, U.S.D.J.


DATED: November 22, 2005

13